A TRUE COPY ATTEST

*[signature]*
DEPUTY SHERIFF
6/4/19

# Commonwealth of Massachusetts

TRIAL COURT OF THE COMMONWEALTH
Worcester SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 19cv583C

Gregory Fortes, **PLAINTIFF(S)**,

v. Town of Athol, Et all
Athol Police Dept, **DEFENDANT(S)**

## SUMMONS

THIS SUMMONS IS DIRECTED TO **Town of Athol** . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Worc. Superior** Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, **Worc. Superior** Court, **225 Main** (address), by mail or in person, **AND**
   *Worc-MA 01608*
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: **Atty Couture, 81 Merriam Ave, Leominster, MA 01453**

3. **What to include in your response.**  An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

NB

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20\_\_\_\_. (SEAL)

*[signature]*
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20\_\_\_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20\_\_\_        Signature: _____

**N.B.    TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.    SUPERIOR COURT DEPARTMENT
DOCKET NO.:

GREGORY FORTES,     )
    Plaintiff           )
                    )
v.                  )
                    )
TOWN OF ATHOL and   )
ATHOL POLICE DEPARTMENT )
    Defendant           )

**COMPLAINT AND REQUEST FOR JURY TRIAL**

THE Plaintiff, Gregory Fortes, by and through his attorney, Andrew J. Couture, Esq., sues the Defendant Town of Athol and Athol Police Department. In support, Plaintiff states as follows:

1. The Plaintiff, Officer Gregory Fortes is a resident at 102 Memory Lane, Orange, Massachusetts.

2. The Defendant, Town of Athol, is a municipality within the Commonwealth with a primary place of business located at 584 Main Street, Athol, Massachusetts.

3. The Defendant, Athol Police Department is a municipal public sector service with a primary place of business located at 280 Exchange Street, Athol, Massachusetts.

**STATEMENT OF CLAIMS**

4. This racial and discrimination action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This lawsuit is brough pursuant to "The Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981a and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

5. Plaintiff is an African-American citizen of the United States and a resident of the Commonwealth of Massachusetts. Plaintiff is employed with the Athol Police Department as an officer for 17 years.

6. On December 7, 2018, a Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination.

7. On July 12, 2016, the Defendant hired Russell T. Kleber as chief of police. During his three years at Athol Police Department, the Defendants created an environment which encourages and fostered a hostile work environment for Officer Fortes due to his race. Such conduct was ongoing, open and notorious. Simply put, racial discrimination is deeply embedded in the Town of Athol and Athol Police Department. It is open, active and unashamed. The harassment, abuse and discrimination are encouraged by the Town of Athol management's refusal to stop the behavior.

8. At all relevant times, Officer Fortes fully, adequately and completely performed all of the functions, duties and responsibilities of his employment within the Athol Police Department.

9. Mr. Fortes at Athol Police Department and in the Town of Athol was subjected to a stricter level of scrutiny than his similarly situated white co-workers. Mr. Fortes was repeatedly reprimanded and disciplined for relatively minor mistakes. The same behavior from similarly situated white employees was largely ignored even when discovered. Mr. Fortes was also accused of wrongdoings which were the result of misconduct of the Defendant's similarly situated white co-workers.

10. It was stated by Chief Kleber in front of other officers that "he believed in affirmative action because he had Officer Fortes." Plaintiff reported his concerns. Defendant failed to take effective remedial action in response to racially charged complaints. It was stated to Officer Fortes by Union Representative that the Town Manager "Did not want to hear anything negative about the Chief."

11. When he applied for advancement he was denied and his similarly situated white co-workers were advanced. It is alleged that the Defendant hired more suitable officers with more training, but Officer Fortes was prevented from signing up for specialized training to further his career.

12. As a result of the Plaintiff's good faith complaints and opposition to race discrimination and racial harassment, the Defendants retaliated against the Plaintiff by subjecting him to stricter scrutiny than his co-workers, to demeaning and hostile treatment to wholly unwarranted negative performance feedback, to being subjected to unwarranted discipline to the point of changing to the night shift to avoid such treatment.

## CAUSES OF ACTION

### COUNT I – INTENTIONAL DISCRIMINATION
(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)

13. The Plaintiff incorporates the preceding paragraphs as alleged above.

14. The Plaintiff has filed a timely charge with the MCAD and the EEOC and has thus exhausted his administrative remedies.

15. The Defendants have engaged in an intentional, department-wide, and systematic policy, pattern, and/or practice of discrimination against its minority employees. The Defendants have intentionally discriminated against the Plaintiff in violation of Title VII by, among other things:

    a. Utilizing a biased performance rating system;
    b. Utilizing a biased compensation system;
    c. Utilizing a biased promotion system; and
    d. Failing to take reasonable and adequate steps to prevent and correct the use of standard less, unvalidated, and/or illegitimate criteria to determine the terms and conditions of employment.

16. These department-wide policies are intended to and do have the effect of:
    a. Denying Plaintiff employment opportunities because of his race;
    b. Failing to promote him because of his race;
    c. Evaluating his performance more negatively because of his race; and
    d. Providing him with inferior terms and conditions of employment as a result of discriminatory performance measures that systematically disadvantages him because of his race.

17. The discriminatory acts that constitute the Defendant's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

18. As a direct result of the Defendant's discriminatory policies and/or practices as described above, Plaintiff has suffered damages including but not limited to, lost past and future income, compensation, and benefits.

19. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e et seq.

20. The Plaintiff requests relief as hereinafter described.

## COUNT II – Disparate Impact Discrimination
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq)

21. Plaintiff incorporates the preceding paragraphs as alleged above.

22. The Plaintiff has timely filed a charge with the MCAD and EEOC and has thus exhausted his administrative remedies.

23. The Defendants reliance on illegitimate and unvalidated systems and criteria to evaluate employee performance, set compensation, and select individuals for promotion, and determine other terms and conditions of employment, have an adverse impact on minority employees in violation of Title VII and are not, and cannot be, justified by business necessity. Even if such system and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

24. The Defendants have maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case.

25. As a direct result of the Defendant's discriminatory policies and/or practices as described above, the Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

26. The foregoing policies, patterns, and/or practices have an unlawful disparate impact on minorities in violation of 42 U.S.C. §§ 2000e et seq.

27. The Plaintiff requests relief as hereinafter described.

## COUNT III – INTENTIONAL DISCRIMINATION
### (Mass General Law Chapter 151B Section 4
### Massachusetts Law Against Discrimination)

28. Plaintiff incorporates the preceding paragraphs as alleged above.

29. The Defendants have engaged in an intentional, Department wide, and systematic policy, pattern, and/or practice of discrimination against its minority employees. The Defendants have intentionally discriminated against the Plaintiff in violation of Massachusetts General Law Chapter 151B by, among other things:

   a. Utilizing a biased performance system;
   b. Utilizing a biased compensation system;
   c. Utilizing a biased promotion system; and

    d. Failing to take reasonable and adequate steps to prevent and correct the use of standard less, unvalidated, and/or illegitimate criteria to determine the terms and conditions of employment.

30. These department-wide policies are intended to and do have the effect of:
    a. Denying Plaintiff employment opportunities because of his race;
    b. Failing to promote him because of his race;
    c. Evaluating his performance more negatively because of his race; and
    d. Providing him with inferior terms and conditions of employment as a result of discriminatory performance measures that systematically disadvantages him because of his race.

31. The discriminatory acts that constitute the Defendant's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

32. As a direct result of the Defendant's discriminatory policies and/or practices as described above, Plaintiff has suffered damages including but not limited to, lost past and future income, compensation, and benefits.

33. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by Massachusetts General Law Chapter 151B.

34. The Plaintiff requests relief as hereinafter described.

### COUNT IV – DISPARATE IMPACT
### (Mass General Law Chapter 151B Section 4
### Massachusetts Law Against Discrimination)

35. Plaintiff incorporates the preceding paragraphs as alleged above.

36. The Plaintiff has timely filed a charge with the MCAD and EEOC and has thus exhausted his administrative remedies.

37. The Defendants reliance on illegitimate and unvalidated systems and criteria to evaluate employee performance, set compensation, and select individuals for promotion, and determine other terms and conditions of employment, have an adverse impact on minority employees in violation of Title VII and are not, and cannot be, justified by business necessity. Even if such system and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

38. The Defendants have maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case.

39. As a direct result of the Defendant's discriminatory policies and/or practices as described above, the Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

40. The foregoing policies, patterns, and/or practices have an unlawful disparate impact on minorities in violation of Mass General Law Chapter 151B.

41. The Plaintiff requests relief as hereinafter described.

### COUNT V – RETALIATION
### (Mass General Law Chapter 151B Section 4
### Massachusetts Law Against Discrimination)

42. Plaintiff incorporates the preceding paragraphs as alleged above.

43. The Plaintiff engaged in protected activities, including making internal complaints of unlawful discrimination and filing charges with the MCAD and EEOC complaining of Defendant's discriminatory policies and practices.

44. The Defendants took adverse action against Plaintiff with the purpose of retaliating against him because of his participation in protected activities during the liability period in the Commonwealth of Massachusetts, and Plaintiff suffered damages as a result of that conduct.

45. Plaintiff requests relief as hereinafter described.

### PRAYERS FOR RELIEF

46. Wherefore, Plaintiff prays for relief as follows:

   a. A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. §§ 2000e et seq and Mass General Law Chapter 151B et seq.

   b. A preliminary and permanent injunction against the Defendants and it officers, agents, successors, employees, representatives, and any and all persons action in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiff because of his race or participation of this lawsuit;

   c. An order that the Defendants institute and carry out policies, practices, and programs that provide equal opportunities for all employees regardless of race,

and that is eradicate the effects of their past and present unlawful employment practices;

d. An order requiring the Defendants to develop and institute accurate and validated standards for evaluating performance, determining pay, and making promotion decisions;

e. An order appointing a monitor to ensure that the Defendants complies with the injunction provision of any decree that the Court orders;

f. All damages sustained as a result of the Defendants conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

g. Exemplary and punitive damages in an amount commensurate with Defendants ability to pay and to deter future conduct;

h. Cost incurred herein, including reasonable attorney's fees to the extent allowable by law;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury in this action.

Respectfully submitted
On behalf of the Plaintiff
Gregory Fortes
By his Attorney

Dated: 4/15/2019

Andrew J. Couture, Esq. (BBO 671193)
Law Office of Andrew J. Couture
81 Merriam Avenue
Leominster, MA 01453
(978)502-0221

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): Gregory Fortes

COUNTY: Worcester

ADDRESS: 102 Memory Lane
Orange, MA 01364

DEFENDANT(S): Town of Athol
Athol Police Department

ATTORNEY: Andrew J. Couture, Esq.
ADDRESS: 81 Merriam Avenue,
Leominster, MA 01453

ADDRESS: 584 Main Street, Athol, MA 01331
280 Exchange Street, Athol, MA 01331

BBO: 671193

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES ☐ NO |

If "Other", please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damage claims only.

**TORT CLAIMS**
(attached additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses _____ $ _____
2. Total doctor expenses _____ $ _____
3. Total chiropractic expenses _____ $ _____
4. Total physical therapy expenses _____ $ _____
5. Total other expenses (describe below) _____ $ 200,000.00
   Pain + Suffering
   Subtotal (A): $ _____

Documented lost wages and compensation to date _____ $ 20,000.00
Documented property damages to dated _____ $ _____
Reasonably anticipated future medical and hospital expenses _____ $ _____
Reasonably anticipated lost wages _____ $ 100,000.00

Briefly describe plaintiff's injury, including the nature and extent of injury:
Racial Discrimination causing severe emotional distress, anxiety, pain and suffering

TOTAL (A-F): $ 320,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: [signature]

DATE: 4/15/2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record:

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

- AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
- AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. (A)

**CN Contract/Business Cases**

- A01 Services, Labor, and Materials (F)
- A02 Goods Sold and Delivered (F)
- A03 Commercial Paper (F)
- A04 Employment Contract (F)
- A06 Insurance Contract (F)
- A08 Sale or Lease of Real Estate (F)
- A12 Construction Dispute (A)
- A14 Interpleader (F)
- BA1 Governance, Conduct, Internal Affairs of Entities (A)
- BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
- BB1 Shareholder Derivative (A)
- BB2 Securities Transactions (A)
- BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
- BD1 Intellectual Property (A)
- BD2 Propriety Information or Trade Secrets (A)
- BG1 Financial Institutions/Funds (A)
- BH1 Violation of Antitrust or Trade Regulation Laws
- A99 Other contract/Business Action – Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the BMTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

- D01 Specific Performance of a Contract (A)
- D02 Reach and Apply (F)
- D03 Injunction (F)
- D04 Reform/ Cancel Instrument (F)
- D05 Equitable Replevin (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of a Trust (A)
- D08 Minority Shareholder's Suit (A)
- D09 Interference in Contractual Relationship (F)
- D10 Accounting (A)
- D11 Enforcement of Restrictive Covenant (F)
- D12 Dissolution of a Partnership (F)
- D13 Declaratory Judgment, G.L. c.231A (A)
- D14 Dissolution of a Corporation (F)
- D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

- PA1 Contract Action involving an Incarcerated Party (A)
- PB1 Tortious Action involving an Incarcerated Party (A)
- PC1 Real Property Action involving an Incarcerated Party (F)
- PD1 Equity Action involving an Incarcerated Party (F)
- PE1 Administrative Action involving an Incarcerated Party (F)

**TR Torts**

- B03 Motor Vehicle Negligence – Personal Injury/Property Damage (F)
- B04 Other Negligence – Personal Injury/Property Damage (F)
- B05 Products Liability (A)
- B06 Malpractice – Medical / Wrongful Death (A)
- B07 Malpractice – Other (A)
- B08 Wrongful Death, G.L. c.229 §2A (A)
- B15 Defamation (A)
- B19 Asbestos (A)
- B20 Personal Injury – Slip & Fall (F)
- B21 Environmental (F)
- B22 Employment Discrimination (F)
- BE1 Fraud, Business Torts, etc. (A)
- B99 Other Tortious Action (F)

**RP Real Property**

- C01 Land Taking (F)
- C02 Zoning Appeal, G.L. c. 40A (F)
- C03 Dispute Concerning Title (F)
- C04 Foreclosure of a Mortgage (X)
- C05 Condominium Lien & Charges (X)
- C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

- E18 Foreign Discovery Proceeding (X)
- E97 Prisoner Habeas Corpus (X)
- E22 Lottery Assignment, G.L. c. 10 §28 (X)

**AB Abuse/Harassment Prevention**

- E15 Abuse Prevention Petition, G.L. c. 209A (X)
- E21 Protection from Harassment, G.L. c. 258E (X)

**AA Administrative Civil Actions**

- E02 Appeal from Administrative Agency, G.L. c. 30A (X)
- E03 Certiorari Action, G.L. c.249 §4 (X)
- E05 Confirmation of Arbitration Awards (X)
- E06 Mass Antitrust Act, G. L. c. 93 §9 (A)
- E07 Mass Antitrust Act, G. L. c. 94 §8 (X)
- E08 Appointment of a Receiver (X)
- E09 Construction Surety Bond, G. L. c. 149 §§29, 29A (X)
- E10 Summary Process Appeal (X)
- E11 Worker's Compensation (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L. c. 12 §11H (A)
- E24 Appeal from District Court Commitment, G.L. c §9(b) (X)
- E25 Pleural Registry (Asbestos cases)
- E94 Forfeiture, G.L. c. 265 §56 (X)
- E95 Forfeiture, G.L. c. 94C §47 (F)
- E99 Other Administrative Action (X)
- Z01 Medical Malpractice – Tribunal only, G.L. c. 231 §60B (F)
- Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

- E12 SDP Commitment, G.L. c. 123A § 12 (X)
- E14 SDP Petition, G.L. c. 123A §9(b) (X)

**RC Restricted Civil Actions**

- E19 Sex Offender Registry, G.L. c. 6 §178M (X)
- E27 Minor Seeking Consent, G.L. c. 112 §12S (X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | [x] YES    [ ] NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.